UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>    Petitioner,<br><br>  v.<br><br>ROB BONTA,<br><br>    Respondent. | No. 2:23-cv-1389 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus, a motion to proceed in forma pauperis, and a motion for injunctive relief.

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

  The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Petitioner's makes broad allegations that his conviction should be overturned, that he has been improperly denied parole, that he has been subjected to illegal surgeries, and that a variety of his constitutional rights have been violated. He appears to seek release from custody.

Petitioner raised challenges to his conviction in a habeas case filed here in 2021. See Calderon v. Covello, 2:21-cv-2084 KJM DMC P. Because petitioner is incarcerated based on a conviction in Santa Clara County, which is in the boundaries of the Northern District of California, his 2021 habeas case was transferred to that district. Any further challenges to his Santa Clara County conviction are not appropriately filed in this court.

The court may, in appropriate circumstances, convert a habeas case to a civil rights case. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016). There is no basis to do so here. To the extent petitioner is attempting to raise civil rights claims, his allegations are essentially the same as those raised in prior civil rights cases he filed in this court.[1] See Calderon v. Allison, 2:21-cv-1896 KJM CKD P (various violations of his rights after September 11, 2001; numerous allegations of other civil rights violations, including illegal surgeries); Calderon v. Bonta, 2:23-cv-0212 KJM EFB P (general allegations of, among other things, racial bias and interference with mail); Calderon v. Bonta, 2:23-cv-0213 AC P (challenges to denial of parole); Calderon v. Bonta, 2:23-cv-1064 WBS KJN P (allegations of illegal surgeries, among other things); Calderon v. Bonta, 2:23-v-1065 DMC P (challenges to conviction and denial of parole; general allegations of civil rights violations, including illegal surgeries).

Because petitioner's allegations are duplicative of allegations raised in previously filed cases, this case should be dismissed. Further, petitioner's motion for a injunctive relief, apparently filed in numerous pending actions, asks the courts to "grant plaintiff's civil actions." To the extent petitioner is seeking relief in his other proceedings, that is not a basis for relief in the present case. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed.) (principle purpose of preliminary injunctive relief is to preserve court's power to render a meaningful decision on the merits of the present case). To the extent petitioner

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

seeks relief in the present case, his request is redundant of his habeas petition.  Petitioner's motion for injunctive relief should be denied.

For the foregoing reasons, IT HEREBY ORDERED that

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court shall randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that

1. Petitioner's motion for injunctive relief (ECF No. 4) be denied; and

2. This action be dismissed as duplicative of previously filed actions.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 14, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/habeas/S/cald1389.fr

3